UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTAOUSE C. HOLLOWAY,

        Plaintiff,

       v.                                       Case No. 23-cv-1414-bhl

ACP WACHHOLZ,
NURSE MATUSHAK, and
SGT. FISHER,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Martaouse Holloway, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Holloway's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Holloway has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Holloway has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $0.61. Holloway's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Holloway, on May 11, 2023, he fell while playing basketball and broke his arm. On May 18, 2023, he was instructed by an offsite orthopedic doctor to wear a full-arm brace on his right arm to ensure a full recovery. It is not clear how long Holloway was instructed to wear the brace. On June 19, 2023, Holloway was placed in segregation, at which time his property was inventoried. Holloway explains that, per protocol, he should have received his arm brace from Defendant Sgt. Fisher, the property officer, within one to three days. On June 23, 2023, Holloway submitted a health services request stating that he had not yet received his brace. Holloway asserts that he was told Fisher was looking for it. Dkt. No. 1 at 3-4.

On July 3, 2023, Defendant Matushak gave Holloway a wrist brace rather than an arm brace. When Holloway informed her he had been prescribed an arm brace, she allegedly told him the wrist brace would have to do for now. Holloway asserts that he received the arm brace a couple days later. About a week later, on July 11, 2023, Holloway was moved to the treatment center where an officer took his arm brace, talked to health services, and returned with an arm brace for the wrong arm. On July 16, 2023, Holloway submitted a health services request form informing staff that the brace he was given was for the wrong arm. Holloway submitted a second health services request form about a week later. On July 29, 2023, health services allegedly responded that staff would provide the correct brace. Holloway states he received the correct brace a few days later. Dkt. No. 1 at 5-6.

Holloway explains that in August 2023, he was examined by the offsite orthopedic doctor who informed him of setbacks and complications with his arm healing as a result of him not

3

consistently wearing the arm brace. Holloway asserts that during the periods he was without the arm brace, he suffered severe discomfort and pain. Dkt. No. 1 at 6.

### THE COURT'S ANALYSIS

Holloway asserts that Defendants violated the Eighth Amendment because they demonstrated deliberate indifference to his healing arm when they delayed providing him with a prescribed arm brace. To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id*. at 777-78.

Based on this standard, Holloway has alleged just enough to state a claim against Fisher for allegedly failing to provide the arm brace for nearly two weeks. Although an even closer call, Holloway also states a claim against Matushack for allegedly providing Holloway with a wrist brace rather than an arm brace. According to Holloway, Matushak told Holloway that the wrist brace would have to suffice until she located the arm brace, after which she provided him with the correct brace a couple days later. Development of the record is necessary to determine why Matushak was not able to provide Holloway with the correct brace sooner and whether Holloway's injury was exacerbated by the two-day delay. *See Williams v. Moore*, F. App'x 143, 145 (7th Cir. 2021) (explaining that, "[w]ithout evidence that the defendant knew that a short delay in delivering treatment would needlessly and substantially prolong a dangerous medical condition, the delay itself does not violate the Eighth Amendment").

Holloway does not, however, state a claim against Wachholz, who was his advanced care provider. Holloway alleges that she was responsible for his overall care, had access to his medical

4

records, and should have ensured health services staff was providing care consistent with her and the orthopedic doctor's orders. Holloway does not allege that he had any direct communication with Wachholz about the missing arm brace or that she was responsible for locating the missing arm brace. The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. Given that the Court cannot reasonably infer that Wachholz knew the arm brace was missing or that she was responsible for locating the missing arm brace, Holloway fails to state a claim against her.

Nor does Holloway state a claim against Matushak for the second delay in receiving the correct arm brace. Section 1983 requires that a defendant be personally involved in an alleged deprivation to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Holloway does not identify who in health services knew he had been given the wrong arm brace or was responsible for remedying the error. He alleges only that Matushak had access to his health records, but the mere fact that she had access without an allegation that she knew Holloway had received the wrong arm brace is insufficient for the Court to reasonably infer that she was personally responsible for the second delay.

**IT IS THEREFORE ORDERED** that Holloway's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Holloway fails to state a claim against ACP Wachholz, so the clerk's office may remove her from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Holloway's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Nurse Matushak and Sgt. Fisher.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Nurse Matushak and Sgt. Fisher shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Holloway is located.

**IT IS FURTHER ORDERED** that the agency having custody of Holloway shall collect from his institution trust account the $349.39 balance of the filing fee by collecting monthly payments from Holloway's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Holloway is transferred to another institution, the transferring institution shall forward a copy of this Order along with Holloway's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Holloway is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Holloway may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on January 26, 2024.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge