UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTAOUSE C. HOLLOWAY,

    Plaintiff,

    v.                                            Case No. 23-cv-1414-bhl

RACHEL M. MATUSHAK, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Martaouse Holloway is representing himself in this 42 U.S.C. §1983 case. On January 2, 2025, the Court granted Defendants' motion for summary judgment and dismissed this case. Dkt. No. 33. On January 21, 2025, Holloway filed a motion to alter or amend the judgment. Dkt. No. 35. The Court will deny the motion.

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Holloway does not present newly discovered evidence or identify a manifest error of law. Instead, he explains why he disagrees with how the Court applied the law to the facts of his case.

For example, Holloway asserts that, even though a doctor noted that his arm injury showed good signs of healing and prescribed a wrist brace only for comfort, Defendant Randy Fisher's failure to locate the arm brace for the two-week period before he saw the doctor amounted to deliberate indifference because the brace had originally been prescribed to ensure proper healing. But, as the Court explained, Holloway's claim fails because he provided no evidence suggesting that Fisher *knew* that failing to locate the brace would pose a substantial risk to Holloway's health. *See* Dkt. No. 33 at 5-6. Furthermore, the doctor noting that Holloway's arm showed good signs of healing even though he had not worn his brace for two weeks demonstrates that Holloway suffered no harm from Fisher's failure to immediately locate the brace. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (holding that plaintiff's claim "fails on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort . . . without then developing evidence of a recoverable injury").

Holloway's remaining points merely rehash arguments he raised in response to Defendants' summary judgment motion. Because it is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion, the Court will deny his motion to alter or amend the judgment.

**IT IS THEREFORE ORDERED** that Holloway's motion to alter or amend the judgment (Dkt. No. 35) is **DENIED**.

Dated at Milwaukee, Wisconsin on January 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
